IN THE CIRCUIT COURT
ASSOCIATE DIVISION
ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| SHARON E. CAMPBELL | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No. |
| v. | ) |
| | ) Division |
| CREDIT PROTECTION ASSOCIATION, L.P. | ) |
| d/b/a "CPA" | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Serve Defendant at: | ) |
| President, Nathan A. Levine | ) |
| 13355 Noel Road | ) |
| Dallas, TX 75240 | ) |

## PETITION

COMES NOW, Plaintiff, Sharon E. Campbell, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

### JURISDICTION

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

### PARTIES

3. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt at issue in this action arises out of consumer, family, and household transactions.

4. Defendant Credit Protection Association, L.P. is a foreign corporation with its principal place of business located in Dallas, TX.

5. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

### *Defendant's Collection Communication*

7. In or about May, 2011, Defendant sent a collection letter to Plaintiff (the "Letter").

8. In the Letter, Defendant did not disclose that it was a debt collector.

9. In the Letter, Defendant disclosed that it was a "credit protection association" or a credit bureau and hid the fact that it was a debt collector.

10. Defendant, in the Letter, deliberately intended to deceive Plaintiff into believing that Defendant was a quasi-governmental association or a credit bureau with power over Plaintiff's credit report so that Defendant could obtain additional leverage over Plaintiff for the purposes of collecting the debt.

11. The Letter was the initial collection communication that Defendant engaged in with Plaintiff.

12. The Letter failed to contain a statement advising Plaintiff of her right to request validation.

13. The Letter failed to contain a statement advising Plaintiff of her right to dispute the debt.

14. Defendant never followed the Letter with any written communication advising Plaintiff of her rights to request validation and/or dispute the debt.

15. Defendant attempted to collect the "Charter Communications" debt from Plaintiff after Defendant knew that Plaintiff had paid the debt in full.

2

16. Even though Defendant knew Plaintiff paid the debt in full, Defendant threatened to make an adverse report to Plaintiff's credit report concerning the debt.

17. In the alternative, Defendant, in the Letter, attempted to deceive Plaintiff into believing that Defendant was actually Charter Communications and not a debt collector.

18. The bottom half of the Letter indicated that CPA's return address was "Charter Communications" in Dallas, Texas with a PO Box identical to Defendant's.

19. Furthermore, the bottom half of the Letter contained a survey, purportedly from Charter Communications, about Plaintiff's use of check cashing services.

20. The survey and Defendant's misdirection concerning Charter Communications were deceptive and confusing in that Defendant made it appear to Plaintiff as though Charter Communications was collecting the debt directly.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

22. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

   a. Defendant failed to identify itself as a debt collector. 15 U.S.C. §1692d,e;

   b. Defendant attempted to collect an unauthorized amount. 15 U.S.C. §1692f(1);

   c. Defendant threatened to take action, specifically credit reporting, that it could not legally take and that it did not intend to take. 15 U.S.C. §1692d,e, f;

   d. Defendant Failed to send the Plaintiff a validation notice within five days of the initial communication. 15 U.S.C. §1692g;

   e. Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. 15 U.S.C. § 1692d-f;

f.  Defendant communicated a false impression of the character, amount and legal status of the debt. 15 U.S.C. §1692e;

g.  Defendant used unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and in favor of Plaintiff for:

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Attorneys' Fees;

D.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E.  For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

JAMES W. EASON, #57112
RICHARD A. VOYTAS, JR. #52046
Eason & Voytas, LLC
1141 South Seventh Street
St. Louis, Missouri 63104
Phone: (314) 304-9444
Fax:    (314) 667-3161
**COUNSEL FOR PLAINTIFF**